# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | CASE NO. 1:11-CV-01368-AWI-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE |
| v. | |
| R. VOGEL, et al., | (DOC. 1) |
| Defendants. | |

Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 17, 2011, Plaintiff initiated this action by filing his complaint. Doc. 1.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reveal that Plaintiff has accumulated three strikes as of 2010. The Court takes judicial notice of the following cases that qualify as strikes pursuant to 28 U.S.C. § 1915(g): (1) *Ransom v. Doe, et al.*, CV 96-8204 RSWL (CT) (CD. Cal.) (dismissed December 6, 1996 pursuant to the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994)); (2)

1

*Ransom v. Chief Williams, et al.*, CV 96-8203 MRP (CT) (C.D. Cal.) (dismissed December 10, 1996 pursuant to *Heck*); and (3) *Ransom v. Sandoval, et al.*, 3:01-cv-0513 JM (JAH) (S.D. Cal.) (dismissed January 10, 2002 for failure to state a claim). Plaintiff thus is not allowed to proceed in forma pauperis in this action unless Plaintiff can demonstrate Plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff contends that he is under imminent danger of serious physical injury, citing to claims 1, 2, and 3 in his complaint. The Court will examine each claim.

<u>Claim 1</u>: On July 1, 2011, Plaintiff notified Defendants Vogel, Marsical, and other Does that he was engaging in a solid food hunger strike. Plaintiff alleges that from July 1 through July 19, Defendant R. Vogel, Perez, Cortez, Marsical, Martinez, Vallego, Singh, Aguirre, Wooden, and Does 1 through 10 additionally denied Plaintiff liquids. Plaintiff suffered weight loss, pain, hypertension dehydration, and eventual hospitalization.

<u>Claim 2</u>: On July 19, 2011, having been diagnosed with severe hypertension and clinically dehydrated, Plaintiff was admitted to the prison hospital. Plaintiff received 1125 calories per day from Defendants while hospitalized. Plaintiff was eventually discharged on August 1, 2011.

<u>Claim 3</u>: On July 6, 2011, Plaintiff wrote letters to the media regarding the hunger strike. These letters were withheld from mailing. Plaintiff complains that Defendant Cate disseminated false information regarding the striking prisoners' health and whether the strike had been called off.

Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint was filed. *Andrews v. Cervantes*, 493 F.3d 1047. 1052 (9th Cir. 2007). The imminent danger exception requires that a prisoner allege a danger that is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056. The Ninth Circuit found that "requiring a prisoner to 'allege [] an ongoing danger' . . . is the most sensible way to interpret the imminency requirement." *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam)). Thus, "a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the ongoing danger standard and

meet the imminence prong of the three-strikes exception." *Id.* at 1056-57 (quotations omitted).

None of these claims demonstrate imminent danger of serious physical injury. Claim 3 alleges a violation of the First Amendment, which is not imminent danger. Claim 2 fails to allege a violation of the Eighth Amendment, and fails to allege an imminent danger of a serious physical injury. Claim 1 fails to demonstrate imminent danger because Plaintiff had already suffered the harm before he filed his complaint. Plaintiff fails to allege any facts which demonstrate that such harm continues.

Because Plaintiff has failed to demonstrate that he was under imminent danger of serious physical injury at the time he filed his action, Plaintiff may not proceed in forma pauperis. Plaintiff was required to pay the filing fee in full before proceeding in this action. Because he did not do so, the Court will dismiss this action without prejudice for failure to pay the filing fee.

Accordingly, it is HEREBY ORDERED that this action is DISMISSED without prejudice for failure to pay the filing fee. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   August 26, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE