# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | CASE NO. 1:11-cv-01368-AWI-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (DOC. 10) |
| R. VOGEL, et al., | |
| Defendants. | |

Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 26, 2011, the Court dismissed Plaintiff's action without prejudice for Plaintiff's failure to pay the filing fee, and for being ineligible to proceed in forma pauperis. Pending before the Court is Plaintiff's motion for reconsideration, filed September 9, 2011, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Because the motion was filed within ten days after the issuance of the judgment, the motion is properly construed as pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion

1

in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). Amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted). This Court's Local Rule 230(j) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . and . . . why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff contends that the Court misinterpreted Plaintiff's complaint. Plaintiff contends that he alleged a continuous deprivation of adequate food and or nutrients from July 10, 2011 to the filing of his complaint. Pl.'s Mot. 2. Plaintiff contends that this "protracted" deprivation was causing him extreme weight loss, pain, and overall diminished health, referring to Claim 2 of his complaint. *Id.*

A review of Plaintiff's complaint indicates that Plaintiff misconstrued his pleadings. Plaintiff contends in Claim 2, one of Plaintiff's three claims used to justify a finding of imminent danger, that the reduced caloric diet he received while admitted at John D. Klarich memorial hospital beginning on July 19, 2011, caused or contributed to Plaintiff's "extreme weight loss, hypertension, migraines, body aches, pains, clinical depression, and overall diminishing health." Compl. ¶ 36. However, Plaintiff's Claim 2 further indicates that he was discharged from the hospital on August 1, 2011. *Id.* ¶ 37. Plaintiff filed this action on August 17, 2011.

There is no pleading that indicates ongoing or imminent danger. Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint was filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). The imminent danger exception requires that a prisoner allege a danger that is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056. The Ninth Circuit found that "requiring a prisoner to 'allege [] an ongoing danger' . . . is the most sensible way to interpret the imminency requirement." *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam)).

Even assuming that Plaintiff's alleged low calorie diet was causing imminent danger,

Plaintiff was discharged from the hospital after approximately two weeks.[1]  Based on Plaintiff's pleadings, the imminent danger alleged had already passed.

The Court finds no cause to reconsider its previous order and judgment.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed September 9, 2011, is denied.

IT IS SO ORDERED.

Dated:   May 1, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] There is reason to doubt the seriousness of the alleged physical injury to Plaintiff. "Extreme weight loss," as contended by Plaintiff, is overly speculative.  *See Andrews*, 493 F.3d at 1057 n.11 (finding that "assertions of imminent danger of less injurious practices may be rejected as overly speculative or fanciful").

3